IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARTAN L. ROBINSON,

      Plaintiff,                       No. CIV 11-2679 JAM EFB PS

      vs.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF CALIFORNIA,

      Defendant.              ORDER

_____/

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

     Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, it is unclear from plaintiff's complaint precisely what he is alleging and/or what relief he is seeking from the court. Plaintiff states that he brings the complaint for "violations of his individual and associational rights," and he cites 42 U.S.C. § 1981, 28 U.S.C. § 1738C, and 28 U.S.C. § 1739. Dckt. No. 1 at 1; *see* 42 U.S.C. § 1981 (providing that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other"); 28 U.S.C. § 1738C (providing that no state shall be required to give effect to any public act, record, or judicial proceeding of any other state "respecting a relationship between persons of the same sex that is treated as a marriage" under the laws of such other state "or a right or claim arising from such relationship"); and 28 U.S.C. § 1739 (providing a mechanism for proving or admitting into court public, non-judicial records or books). Plaintiff contends that on September 21, 2011, defendants interfered with plaintiff's "personal, contractual and civil rights," including his "right to terminate contracts and put it on federal public record so there are no misunderstandings between the Plaintiff, Defendant and other instrumentalities of the U.S." Dckt. No. 1 at 1. He also contends that the "United States Person has taken all necessary action to dissolve/terminate or relinquish residential and 14th

amendment status" and that plaintiff's "right to bring in documentary evidence of the persons status regarding the Plaintiffs citizenship for public record" has been violated. *Id.* at 1, 2. Plaintiff states that he is "seeking full faith and credit and asking the court to accept [his] documents to be filed on public record." *Id.* at 2. He also wants the court to open a miscellaneous file so that he "can file state public records with federal clerks." *Id.* Attached to plaintiff's complaint are a "Record of Civil Death Dissolution Affidavit" and an "Affidavit of Fact of Expatriation," which is also labeled a "Notice of United States Nationality Dissolution." *See* Dckt. No. 1-1.

It is unclear what conduct occurred on September 21, 2011 that interfered with plaintiff's "personal, contractual and civil rights," or what precise claims (if any) plaintiff is purporting to assert against the district court, which is the only named defendant (and which would be immune from civil suit for actions taken in a judicial capacity, unless "taken in the complete absence of all jurisdiction," *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). It appears that plaintiff simply wants the court to open a miscellaneous file for plaintiff so that plaintiff can file certain documents on the public record. However, absent an actual claim for relief, plaintiff is not entitled to utilize the court as a record-keeping system.

Because plaintiff's complaint does not allege any cognizable legal theory and does not allege any facts in support of a cognizable legal theory, the complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files

an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5