1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARTAN L. ROBINSON,

11             Plaintiff,                    No. CIV 11-2679 JAM EFB PS

12        vs.

13   THE COURT CLERKS, THE EASTERN
     DISTRICT OF CALIFORNIA,
14   SACRAMENTO,

15             Defendant.                    FINDINGS AND RECOMMENDATIONS

16   _____/

17        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On October 21,

19   2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant

20   to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28

21   U.S.C. § 1915(e)(2).  Dckt. No. 3.  The order noted that it was unclear from plaintiff's complaint

22   precisely what he is alleging and/or what relief he is seeking from the court.  *Id.* at 4.  The order

23   then added that it appeared plaintiff was seeking to open a miscellaneous file in order to file

24   certain documents on the public record, and that absent an actual claim for relief, plaintiff is not

25   entitled to utilize the court as a record-keeping system.  *Id.*  The court then dismissed the

26   complaint because it did not allege any cognizable legal theory and did not allege any facts in

1

1   support of a cognizable legal theory.  *Id.*

2        Plaintiff has now filed an amended complaint against two unidentified court clerks.

3   Dckt. No. 4.  Plaintiff alleges that the clerks violated his "personal, contractual and civil rights"

4   by refusing to file plaintiff's "paperwork"[1] under a miscellaneous case file.  *Id.* at 2.  Plaintiff

5   contends that the County of Sacramento recorded his documents, so he does not understand why

6   the federal court would not permit him to do so.  *Id.*  Plaintiff states that he "wanted to make

7   [his] documents public record so there wasn't any confusion with law enforcement as to what

8   [his] status was pertaining to [his] nationality and contracts with the State of California."  *Id.*

9   Plaintiff seeks a declaration that the court clerks' refusal to file his documents violated his rights,

10  as well as an injunction ordering the court clerks to allow plaintiff to file any documents under

11  this case number or miscellaneous file.  *Id.* at 3.

12       As noted in the October 21, 2011 order, although *pro se* pleadings are liberally construed,

13  *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be

14  dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

15  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

16  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's

17  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

18  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual

19  allegations must be enough to raise a right to relief above the speculative level on the assumption

20  that all of the complaint's allegations are true."  *Id.* (citations omitted).  Dismissal is appropriate

21  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

22

23       [1] The documents attached to plaintiff's amended complaint, which are presumably the
    "paperwork" plaintiff sought to file, consist of an "Oath/Affirmation of Renunciation of
24  Nationality of United States"; a "Statement of Understanding Concerning the Consequences and
    Ramifications of Relinquishment or Renunciation of U.S. Citizenship"; a questionnaire
25  regarding "Information for Determining Possible Loss of U.S. Citizenship"; and a "Trademark
    Notice/Affidavit of Fact" regarding the "Estate of Dartan L. Robinson Holding Group LLC."
26  Dckt. No. 4 at 5, 8, 12-15, 20-23.

1   support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

2   Cir. 1990).

3          In reviewing a complaint under this standard, the court must accept as true the allegations

4   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

5   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

6   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

7   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

8   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

9   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

10  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

11  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

12         Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

13  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

14  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

15  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

16  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

17  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

18  (3) be authorized by a federal statute that both regulates a specific subject matter and confers

19  federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

20  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

21  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

22  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

23  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

24  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

25  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

26  ////

3

1    Here, plaintiff's amended complaint is based on an alleged failure by two court clerks to

2    file certain documents from plaintiff in a miscellaneous case file.  However, as previously noted

3    in the October 21, 2011 order, absent an actual claim for relief, plaintiff is not entitled to utilize

4    the court as a record-keeping system.  Plaintiff does not allege that he purported to file a

5    complaint at the time he sought to file his paperwork; therefore, plaintiff did not seek to

6    commence a civil action.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a

7    complaint with the court.").  Nor did plaintiff seek to commence an "ancillary or supplementary

8    proceeding," or request that the court resolve any administrative matters through the judicial

9    system.  *See* E.D. Cal. L.R. 101 (defining "Miscellaneous Case/Action" as "a number assigned to

10   an ancillary or supplementary proceeding not defined as a civil or criminal action").  Instead,

11   plaintiff merely wanted to utilize the court as a record-keeping system, which is not permissible.

12   Moreover, because the conduct by the court clerks that plaintiff alleges was improper was

13   "an integral part of the judicial process," and they did not act in the clear absence of all

14   jurisdiction, they are entitled to immunity from plaintiff's claims.  *Mullis v. United States Bankr.*

15   *Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987) (finding that court clerks have absolute quasi-judicial

16   immunity for filing decisions); *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996)

17   (according immunity to clerk of the United States District Court for the Southern District of

18   California given nature of the responsibilities); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986)

19   ("The defendant Clerk of the United States Supreme Court has absolute quasi-judicial immunity

20   because his challenged activities were an integral part of the judicial process.").

21   Because plaintiff's complaint does not allege any cognizable legal theory, and it appears

22   amendment would be futile, the complaint should be dismissed without leave to amend.  *Noll v.*

23   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se

24   plaintiff to amend, leave to amend should not be granted where it appears amendment would be

25   futile).

26   ////

4

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE